Opinion of the court delivered by
Catron, Judge.
This was an action by warrant, before a Justice of the Peace, upon a note of hand without seal, for $50, executed in Kentucky, 25th March, 1821, due ninety days after date. The warrant issued the 8th December, 1825. The cause by appeal was carried through the County and Circuit Courts. The defendant Greene relied for his defence upon the statute of limitation for three years. To resist this defence, the plaintiff insisted: 1st, that One form oí action was debt, and, therefore, the statute did not apply: 2d, that he resided in Kentucky, and was not in Tennessee, until three years before suit was brought. It was proved the plaintiff and defendant resided in Kentucky when the note was executed, after which defendant removed to Tennessee, and plaintiff continued to reside in Kentucky, and had not come here until shortly before he sued.
The Circuit Court adjudged both these grounds of de-fence against the plaintiff, and gave judgment for defend *466 ant. ■ Frdm which the plaintiff appealed in error to this ( . court.
A warrant is a' new mode of proceeding, in which there is no pleading, and to which the statute of limitations has been held to apply j,if the form of action had been case. The creating of this new jurisdiction has never been supposed to repeal the statute. This would he the case, in nearly all actions before Justices, were the expression on the face of the warrant — “to answer A. B. of a plea of debt,” — construed to have the same force as a declaration in debt grounded on a writ issued from a court of record. In this summary proceeding, the substance is looked to as in courts of equity, and the statute made to apply to the evidence, if not a specialty. To the evidence introduced in this cause the statute did clearly apply.
2d. Was the plaintiff within the exception in favor of a plaintiff, “beyond seas.” The act of 1715, ch. 27, sec. 9, provides, that if the plaintiff, at the time the cause of action accrued, shall be beyond seas, then he shall be at liberty to bring his action within three years after he returns from beyond seas, as persons having no such impediment might have done.
It is insisted that “beyond seas,” is the same as beyond the limits of. the State Government, and that this is the true meaning of the expression, in the act of 1715. Laws must be construed to mean what the Legislature intended. The best evidence of this, is the general understanding of them by the society for whose benefit they were passed, if this can be exclusively ascertained. On the present subject of enquiry there can be no mistake, as to public opinion. It is almost without an exception, that a neighboring State line, is not a sea, within the meaning of the Legislature. To declare to the people of Tennessee, that their' neighbors of Kentucky were “beyond seas” by a judicial decision, affecting their rights, would, we imagine, shock the public sense greatly, nor could there be any reasonable hope entertained by this court, that the inferi- or tribunals of justice would conform to such a determination. If the Legislature of the province of North Caro- *467 Tina intended a plaintiff residing in a neighboring province should he protected from the operation of the act, why not say, “beyond the province,” instead of beyond the sea ? The 21st of Jac. ch. 16, has the same expression ; the courts of [great Great Britain, hold that Scotland is not beyond seas; King vs. Walker, 11. Wm. Bl. R. 286. Scotland was as much a foreign government to England, until the union, in the reign of Anne, as Ken-tacky is to Tennessee. If we were beyond seas, in relation to Kentucky, the same construction holds good in relation to North Carolina. Before 1789,^we were part of North Carolina, and not beyond seas — on the cession of the southwestern territory to the United States, we did not change our local position. To tell a plain people that the boundary, fixed by the compact between what is now Tennessee and North Carolina, was a sea within the meaning of the act of 1715, would, we fear, be treated with levity. The policy of such a construction would be most disastrous to the new States of the west. The emigrants would he subject to be harrassed through life by foreign claims to slaves, and for liabilities, to resist which all proof had been lost to them, or was so distant as not to be reached without great expense and trouble. The statute of limitations is a most beneficial act, and is to he liberally construed, says the court of King’s bench, in King vs. Walker, (1 Wm. Black. R. 286). So the courts of Tennessee, have often holden, (Cook’s Rep. 184). To say a citizen of Kentucky, or any other State in the Union, was not subject to its operation would violate the letter of the act, and give it an effect ruinously harsh upon the citizens. This cause furnishes a fair instance of the consequences of such a construction. The maker and payee both resided in Kentucky; there probably the claim was barred. Greene comes here and is sued. The bar formed by the laws of Kentucky cannot he pleaded in our courts, 3. Hayw. Rep. 157, 1. Caml’s Rep. 402, 3. Johns. Rep. 261). Greene pleads our statute in bar; Pike replies he resided |beyond seas, to wit: in’Kentucky, until within three years before suit was brought. If this ap *468 plication is good, our statute will be a dead letter in most suitsbetween citizens of other Stateslitigatedin our courts? we take jurisdiction without enquiry as to the residence of the parties, if the defendant he found here. In such case a resident in Louisiana, Kentucky or other neighboring States, watches his opportunity,'finds his neighbor here, and sues him upon a claim, stale, and barred at home. The curious question is then presented — has the plaintiff returned from beyond, the seas more than three years before the action was brought? This means — has the plaintiff been within the limilsrof Tennessee ? If so, our statute begins to run, although the defendant never has been here. Our mercantile population would have no protection by time against their eastern» creditors notwithstanding they might have agents here, were we to adopt the construction contended for by plaintiff. Nothing could be more repugnant to the spirit of the act. The aim and object isthe repose of society — the cutting off of vexatious litigation, grounded on stale demands. The case of Murray vs. Baker, (3 Whe. 341). has been referred to, as conclusive authority, that the expression “beyond seas,” is equivalent to “without the limits of the State.” It is true, the Judge who delivers the opinion, says, to give the act a sensible construction, the terms must be taken to be equivalent.— With due deference to an authority deservedly high, we apprehend the plain sense of mankind wuuld have been much better satisfied by a construction in conformity with the language of the act of Georgia. Be this as it may, we feel ourselves constrained to give a different construction to the act of North Carolina of 1715. This court in 1825, in Blanton vs. Coulson, declared a citizen of Virginia, not within the saving. The question did not fairly arise in that cause, yet, the opinion of the court was decidedly expressed.
The same construction has been given to the-act by the Supreme Court of North Carolina, in Whitsake vs. Walton and Freeman, and, again in Earle vs. Dickson and McDowell, (2. Mur. Rep. 23,1. Badger and Dev. Rep, 16).
Mr. Thompson, for plaintiff in error.
J. Collingsworth, for the defendant.
The courts of Pennsylvania, have, also, decided, that a resident of a sister State is not protected against the operation of the statute limitation of that State, .which has a proviso in favor of persons beyond seas, and gives the time limited, to bring the action after the plaintiff returns beyond the province. Word vs. Hallam, (2. Dall. Rep. 217), and Truston vs. Fisher and Dawes, (9. Sergt. and Rawle, 288). Judgment affirmed.